# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No.: 1:23-CV-6763

JESSICA KUCZKOWSKI,  )
individually and on behalf  )
of all others similarly situated,  )
       )
    Plaintiff,  )
       )
v.  )
       )
ALLIUM US HOLDING, LLC,  )
       )
    Defendant.  )

---

## CIVIL COMPLAINT AND JURY DEMAND

---

The Plaintiff, Jessica Kuczkowski, by and through undersigned counsel, CONDUIT LAW, LLC, and on behalf of all others similarly situated, hereby submits the following Civil Complaint and Jury Demand and asserts:

### JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff Jessica Kuczkowski ("Plaintiff") resided in Colorado.

2. At all times relevant to this action, Defendant Allium US Holding LLC ("Defendant") is a Delaware Limited Liability Corporation with a principal place of business located at 55 Water Street, New York, NY 10041. Defendant maintains a Registered Agent in the State of New York located at Corporate Creations Network, Inc., 600 Mamaroneck Avenue #400, Harrison, NY 10528.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter is a putative class action, Plaintiff is a citizen of a state different from Defendant, and the amount in controversy exceeds $5 million, exclusive of interests and costs, and the number of members in the proposed class is 100 or more.

4. Venue is proper in the U.S. District Court for the District Southern District of New York pursuant to 28 U.S.C. § 1391(b) as this is a District in which Defendant resides. Additionally, the underlying contract contains a forum selection clause noting that [t]he parties agree that any action to enforce this Agreement will be brought exclusively in a court located in the state of [New York]." (Brackets in original.).

## FACTUAL ALLEGATIONS

5. On May 15, 2023, Plaintiff and Defendant executed a Separation Agreement and Release ("the Agreement").

6. Upon information and belief, the other proposed members of this class all executed a similar Separation Agreement and Release with Defendant on or about May 15, 2023.

7. The Agreement (and the agreements executed by every other class member) were executed as the result of a corporate sale and/or merger, including the "sale of S&P Global's Engineering Solutions business to affiliates of KKR & Co.," which "closed on May 2, 2023."

8. Accordingly, Plaintiff's last date of employment, and the last date of employment for every other proposed class member, with Defendant or its associated corporate entities was May 15, 2023.

9. As part of the Agreement's "Separation Payment" clause, Plaintiff and every other class member was entitled to "monthly taxable cash payments" in order to cover the costs of continuing their health and welfare benefits:

> (ii) Continuation Coverage. Your health and welfare benefits will all end at the end of the month in which your employment is terminated. However, you will be eligible for COBRA continuation coverage for yourself and your eligible enrolled dependents (subject to your timely election of COBRA continuation coverage). A qualifying event notice setting forth your rights to COBRA coverage and the cost to you to continue such COBRA coverage will be provided to you on or around your Last Day of Work. Should you choose to elect COBRA coverage, during the period commencing on the first of the month following your Termination Date and ending on the month immediately prior to your one year anniversary of your Termination Date (or the date COBRA coverage ends, if earlier) (such period, the "COBRA Subsidy Period"), you will receive such benefits at the regular COBRA rates and will need to timely pay the full COBRA coverage to the COBRA administrator, but will receive monthly taxable cash payments equal to the difference between the COBRA rates and the active employee rates for your medical and dental plan coverage if you timely provide all required information to receive such payment. COBRA benefits will be provided to you under the S&P Global-sponsored health plan that you were enrolled in immediately prior to the Closing Date until such time as you are eligible to participate in the health plan of the Employer or any of its Affiliates (the "Employer Plan"), at which time your COBRA benefits for the remaining duration of your COBRA coverage will be provided under the Employer Plan and you will continue to receive COBRA coverage at active employee rates for your medical and dental plan coverage for the remainder of the COBRA Subsidy Period.

10. While Defendant agreed to provide some members of the proposed class with three months of taxable monthly payments for COBRA benefits as opposed to one year of taxable monthly payments, Defendant agreed to pay all members of the proposed class for COBRA benefits for some period of time.

11. Plaintiff and all other class members satisfied all conditions precedent to this clause.

12. Specifically, Plaintiff and all other class members (a) were eligible for COBRA [Consolidated Omnibus Reconciliation Act] benefits; (2) experienced a qualifying event, namely, the May 15, 2023 termination of their employment; (3) paid full and timely monthly payments to the COBRA administrator; and (4) timely provided all required information to receive such payment.

13. On June 11, 2023, Plaintiff received a bill from S & P Global Benefits informing her that immediate payment of $1,331.28 was required for COBRA benefits in June and July 2023.

14. Plaintiff attempted to pay the bill through an online benefits portal but was unable to do so. Accordingly, Plaintiff paid the bill by phone on or about June 27, 2023.

15. On June 28, 2023, Plaintiff received written confirmation that her COBRA benefits began on June 1, 2023 and would run until November 30, 2024.

16. On June 30, 2023, Plaintiff received a pay stub from Defendant confirming that payment was made as reimbursement for Plaintiff's own payment for health benefits in June 2023.

17. On July 11, 2023, Plaintiff received a bill from S & P Global Benefits informing her that payment of $665.64 was required for coverage in August 2023.

18. On or about July 12, 2023, Plaintiff discovered that, despite pre-paying for coverage in July 2023, her health insurance benefits had been cancelled.

19. Plaintiff attempted to contact Defendant by phone and email but Defendant failed to respond to any of Plaintiff's communications.

20. Plaintiff was forced to miss several critical medical appointments because Defendant unilaterally cancelled her coverage.

21. On July 25, 2023, an employee acting on behalf of Defendant sent Plaintiff the following electronic communication:

> Hi,
> I want to apologize that this process has taken so long to set up.
> We have collected your COBRA selections from SPGI and have added them to our new COBRA vendor, WEX. I expect this data to be loaded into the vendor's portal within the next 24 hours.
> Once in the system you will be contacted with additional information on how to use the portal and benefits.
> Please note, while it has taken longer than expected to collect and load your information, your benefit coverage will be effective July 1, 2023.
> Thank you for your patience and watch your email for more information.

22. Defendant failed to "load [Plaintiff's] COBRA selections" – or at least failed to inform Plaintiff that such information was loaded – within the promised 24-hour period.

23. Defendant failed to contact Plaintiff or any other proposed class member with "additional information on how to use the portal and benefits."

24. Defendant's statement – while admitting that "it has taken longer than expected to collect and load [Plaintiff's information" – that her health coverage would be "effective July 1, 2023" is false, as Defendant unilaterally cancelled coverage sometime in July 2023.

25. Defendant's unilateral cancellation of health insurance benefits dramatically impacted Plaintiff and the other proposed class members' health, as, without health insurance benefits, Plaintiff and the other proposed class members were unable to obtain necessary medical treatment.

26. On August 21, 2023, S & P Global implicitly confirmed that benefits had been cancelled or, at a minimum, unilaterally interrupted, in an email it sent to Plaintiff:

> Hi, As per S&P GLOBAL employee who is part of Allium project their COBRA coverage ended in our system through 6/30/2023 and **The Allium folks are supposed to transition to Allium Cobra as of 7/1/2023** and refund will be processed as per eligibility if any employee overpaid after 6/30/2023. S&P Global will be sharing more details and contact information for new vendor for further assistance on this. Thank You!

(Emphasis added.)

27. Defendant did not, in fact, "transition to Allium Cobra as of 7/1/2023[,]" leading to the interruption in critical health insurance coverage described above.

## FED. R. CIV. PRO. 23 CLASS ALLEGATIONS

28. Plaintiff alleges all claims as a Fed. R. Civ. Pro. 23 class action on her own behalf and on behalf of all similarly situated individuals for which she seeks certification.

29. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "Fed. R. Civ. Pro. 23 Class" as follows:

ALL FORMER EMPLOYEES OF S & P GLOBAL, ALLIUM US HOLDING, LLC, OR ACCURIS TECHNOLOGIES, INC. WHO LOST HEALTH, DENTAL, OR OTHER BENEFITS IN JULY 2023 AS A RESULT OF DEFENDANT'S UNILATERAL CANCELLATION OF SUCH BENEFITS

30. The class is so numerous that joinder of all potential class members is impracticable. The exact size of the class will become more ascertainable as more individuals in the proposed class come forward and discovery is conducted but is known to exceed 100 individuals as there were at least 100 individuals on Plaintiff's professional team who were separated at the same time Plaintiff was and who received similar promises regarding continued health, dental, and other benefits that Plaintiff did.

31. There are questions of law or fact common to the classes that predominate over any individual issues that might exist. Common questions of law and fact include Defendant's breach of each proposed class member's Separation Agreement and Release.

32. The class claims asserted by Plaintiff are typical of the claims of all the potential class members because she, along with every other proposed class member, experienced the loss of health, dental, and other benefits in July 2023 as a result of Defendant's unilateral cancellation of such benefits. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy.

33. Plaintiff will fairly and adequately protect and represent the interests of the class. Her experiences with Defendant are similar to those of other members of the proposed class.

34. Plaintiff is represented by counsel experienced in plaintiffs' litigation. Plaintiff's counsel has experience litigating in the United District federal courts, including serving as proposed class counsel in another pending action, has litigated before the Judicial Panel on Multidistrict Litigation, and formerly practiced as a Civil Rights and Employment Assistant Attorney General with the Colorado Department of Law.

35. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to

individual potential class members that would establish incompatible standards of conduct for Defendant.

36. The interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and that the pertinent federal and state laws are appropriate vehicles to vindicate the rights of individuals who are similarly situated as part of the larger class.

37. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

38. Plaintiff is unaware of any members of the putative class who have pursued pending litigation in a separate action concerning the instant controversy.

39. It is desirable to concentrate this litigation in this forum because Defendant is domiciled in this jurisdiction and the underlying agreements contain a forum selection clause requiring litigation in a New York court.

40. This class action will not be difficult to manage due to the uniformity of claims among the class members and the use of representative testimony and representative documentary evidence.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

41. Plaintiff incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this pleading.

42. A contract – the Agreement– existed between the parties.

43. The Agreement is a valid contract as it was accompanied by lawful offer, acceptance, and consideration.

44. There are no valid defenses to the formation of the Agreement.

45. Plaintiff performed pursuant to the Agreement and satisfied all conditions precedent.

46. Defendant breached the Agreement when it unilaterally terminated health, dental, and other benefits in July 2023.

47. Defendant's promise to provide benefits so long as timely payment was received is expressly stated in the Agreement or, in the alternative, is implied by the Agreement or quasi-contractually provided for in the Agreement.

48. Plaintiff has been damaged by Defendant's breaches and is entitled to recover all damages available under law and an award of attorneys' fees and costs pursuant to the Agreement.

**SECOND CLAIM FOR RELIEF**
**Breach of Covenant of Good Faith and Fair Dealing**

49. Plaintiff incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this pleading.

50. Under New York law, the law selected by the parties in the Agreement, all contracts imply a covenant of good faith and fair dealing in the course of performance.

51. Defendant was obligated not to do anything which would have the effect of injuring the right of Plaintiff or any other proposed class member to receive the fruits of their agreements with Defendants, including continued health, dental, and other benefits.

52. Defendant breached the covenant of good faith and fair dealing by unilaterally terminating health, dental, and other benefits even though pre-payment had already been received for such benefits.

53. Plaintiff has been damaged by Defendant's breaches of the covenant of good faith and fair dealing and is entitled to recover all damages available under law.

### THIRD CLAIM FOR RELIEF
### Declaratory Judgment

54. Plaintiff incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this pleading.

55. The Agreement sets forth rights between the parties including Plaintiff's right to receive continuing health, dental, and other benefits provided by Defendant so long as certain conditions precedent, including timely payment, are satisfied.

56. Plaintiff satisfied all conditions precedent to establish her right to receive continuing health, dental, and other benefits.

57. Plaintiff seeks a declaratory judgment that Defendant must provide continuing health, dental, and other benefits for the entirety of the agreed-upon time period.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff, Jessica Kuczkowski, individually and on behalf of all others similarly judgment prays for judgment against Defendant Allium US Holding, LLC, in an amount to be determined by the trier of fact for her losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, attorney's fees, and such other further relief as the Court may deem appropriate, just, and proper.

Dated: August 2, 2023	Respectfully submitted,

CONDUIT LAW, LLC

*/s/ Elliot A. Singer\**
Elliot Singer
CONDUIT LAW, LLC
2590 Welton St.
Suite 200
Denver, CO 80205
Phone: (720) 432-7032
Fax: (720) 310-2224
Email: elliot@conduit.law
*\*Pro Hac Vice Admission Pending to the Southern District of New York*

Plaintiff's Address:
2460 Pontiac St.
Denver, CO 80207